UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Florence Hilda Luke,

        Plaintiff,        **MEMORANDUM OPINION AND ORDER**

v.        Civil No. 13-1748 ADM/JJK

Samuel G. Dougan, Fannie Dougan,
State of Minnesota/Hennepin County
District Court, City of Philadelphia/
Department of Human Services,
Commonwealth of Pennsylvania/In the
Family Court of Philadelphia County,

        Defendants.

___

Marcus Anton Jarvis, Esq., Marcus-Jarvis Law Limited, Burnsville, MN, on behalf of Plaintiff.

Melanie P. Persellin, Esq., Jensen Anderson Sonderall, PA, Brooklyn Park, MN, on behalf of Defendant Samuel G. Dougan.

John S. Garry, Esq., Assistant Attorney General for the State of Minnesota, Saint Paul, MN, on behalf of Defendant State of Minnesota.

___

## I. INTRODUCTION

On July 23, 2013, the undersigned United States District Judge heard oral argument on Plaintiff Florence Hilda Luke's ("Luke") Motion for Preliminary Injunction [Docket No. 6] and Defendant Samuel G. Dougan's ("Dougan") Motion to Dismiss for lack of jurisdiction [Docket No. 14]. For the reasons stated below, Defendant's motion to dismiss is granted and Plaintiff's motion for preliminary injunction is denied.

## II. BACKGROUND

Luke is a resident of Minnesota, a United States citizen, and the mother of two children, approximately age 15 and 17. Compl. [Docket No. 1] ¶¶ 1, 8. Dougan is a resident and citizen

of Liberia, and the father of the two minor children.  Id. ¶ 2.  Fannie Dougan is Dougan's sister, the children's aunt, and a resident of Pennsylvania.  Id. ¶ 3.

Luke and Dougan have been litigating custody arrangements for several years.  On June 5, 2013, Hennepin County District Court Judge Kevin S. Burke ordered Luke to send the children to Pennsylvania to meet Dougan for his court appointed parenting time.  Exhibits re Mem. Supp. Mot. Prelim. Inj. [Docket No. 10] Ex. 3.  Judge Burke held that if Dougan could obtain U.S. passports for his daughters before or during the summer, he could conduct his parenting time in Liberia.  Id.

On June 12, 2013, Judge Burke issued an Emergency Order Modifying Physical and Legal Custody.  Id. Ex. 4.  The Emergency Order was issued after Luke failed to ensure her children boarded their flight to Pennsylvania.[1]  In response to Luke's "failure to comply with the [Hennepin County] Court's numerous orders," Judge Burke determined "that a modification of custody is in the children's best interests."  Id. ¶ 6.  Judge Burke granted "sole physical custody and sole legal custody of the minor children" to Dougan.[2]

### III.  DISCUSSION

Luke alleges Judge Burke abused his discretion.  She asks this Court to overrule or modify Judge Burke's orders, prevent the Pennsylvania State Court from honoring Judge

---

[1] According to the Emergency Order, when the children did finally arrive in Pennsylvania, the children ran away from Fannie Dougan at the airport.  Exhibits re Mem. Supp. Mot. Prelim. Inj., Ex. 4 ¶ 7.  The Philadelphia police called Luke, but she refused to confirm that Fannie Dougan was authorized to pick the children up from the airport.  Id. ¶ 8.  Therefore the children were temporarily placed in the care of the Philadelphia Department of Human Services for a short time.  Id.

[2] At the hearing, Dougan's counsel represented to the Court that Dougan will not be leaving the country with his daughters until further order by the state court.

2

Burke's orders, and finally, prohibit Dougan from taking their daughters to Liberia. Compl. ¶¶ 72-76. Luke requests a federal preliminary injunction to accomplish her objective. Mem. Supp. Inj. [Docket No. 8]. Defendants oppose Luke's motion for preliminary injunction and move to dismiss, arguing the Court lacks subject-matter jurisdiction.[3]

## A. Preliminary Injunction Standard

Courts weigh four factors in determining whether to grant injunctive relief: (1) the threat of irreparable harm to the moving party if an injunction is not granted; (2) the harm suffered by the moving party if injunctive relief is denied as compared to the effect on the non-moving party if the relief is granted; (3) the probability that the moving party will succeed on the merits; and (4) the public interest. Dataphase Sys., Inc. v. CL Sys., Inc., 640 F.2d 109, 113 (8th Cir. 1981). The movant "bears the burden of establishing the necessity of this equitable remedy." Gen. Motors Corp. v. Harry Brown's, LLC, 563 F.3d 312, 316 (8th Cir. 2009); see also Oglala Sioux Tribe v. C & W Enters., Inc., 542 F.3d 224, 233 (8th Cir. 2008) (ceasing a Dataphase analysis after finding no likelihood of success on the merits).

In this case, Luke has not shown evidence that any of the Dataphase factors weigh in her favor. As discussed below, the Court lacks subject-matter jurisdiction; therefore, Luke has no likelihood of success on the merits in this forum. Next, Luke's Complaint and memorandum in support of preliminary injunction relate many of the factual disputes which are the subject of the

---

[3] Defendants Fannie Dougan, Commonwealth of Pennsylvania/In the Family Court of Philadelphia County and the City of Philadelphia's Department of Human Services have not yet responded to Luke's motion. These remaining Defendants may not have been properly served; however, since lack of subject-matter jurisdiction bars the Court from hearing Luke's claims, the Court's ruling applies equally to them as it does to the responding Defendants.

state court action, but these filings have not shown any irreparable harm she will suffer if the injunction is denied.

**B.  Lack of Subject-Matter Jurisdiction**

If subject-matter jurisdiction is lacking over a claim, the claim must be dismissed.  Fed. R. Civ. P. 12(b)(1), (h)(3).

The Rooker-Feldman doctrine stands for the concept that federal courts lack subject-matter jurisdiction over certain challenges to state court judgments.  Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923); D.C. Ct. of App. v. Feldman, 460 U.S. 462 (1983); see also Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005) (holding that Rooker-Feldman bars "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments").  Luke's Complaint accuses Judge Burke of abuse of discretion and requests that this Court enjoin his orders and modify his decisions on custody.  This is clearly an effort to overturn a state court judgment, and as a result, the suit is barred by the Rooker-Feldman doctrine, depriving this Court of subject-matter jurisdiction.

To the extent Luke's Complaint is a 42 U.S.C. § 1983 action, this Court still lacks subject-matter jurisdiction.[4]  The Eleventh Amendment to the United States Constitution prohibits suits against a state in federal court, unless the state consents or Congress has

---

[4] Luke also offers 42 U.S.C. § 1983 as a ground for jurisdiction, Compl. ¶ 54.  However, she makes no allegations of official misconduct, such that even if there were jurisdiction, Luke has failed to state a claim upon which relief may be granted.  Fed. R. Civ. P. 12(b)(6).  Even if Luke meant to sue Judge Burke, as the allegations suggest, judicial immunity would almost certainly protect his judgment, Stump v. Sparkman, 435 U.S. 349, 355-57 (1978). Also, 42 U.S.C. § 1983 specifically prevents injunctive relief from his decision.

unequivocally abrogated the state's sovereign immunity.  Atascadero State Hosp. v. Scanlon, 473 U.S. 234, 243 (1985).  There is no suggestion the State of Minnesota has consented to this suit.  And, Congress did not abrogate the states' Eleventh Amendment immunity when enacting 42 U.S.C. § 1983.  See Quern v. Jordan, 440 U.S. 332, 345 (1979).  Thus, the State of Minnesota and the Hennepin County District Court are not proper parties to this action and must be dismissed as defendants.[5]

## IV.  CONCLUSION

Based upon all the files, records, and proceedings herein, **IT IS HEREBY ORDERED**:

1. Plaintiff Florence Hilda Luke's Motion for Preliminary Injunction [Docket No. 6] is **DENIED**;

2. Defendant Samuel G. Dougan's Motion to Dismiss for lack of jurisdiction [Docket No. 14] is **GRANTED**;

3. Remaining Defendants are also **DISMISSED** for lack of jurisdiction.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

BY THE COURT:

    s/Ann D. Montgomery
ANN D. MONTGOMERY
U.S. DISTRICT JUDGE

Dated:  July 24, 2013.

---

[5] At the hearing, Defendant State of Minnesota also raised the Younger-abstention doctrine, which recommends staying a federal proceeding when state proceedings are pending. Younger v. Harris, 401 U.S. 37 (1971).  Given the other grounds for dismissal, a stay is not appropriate here.